637 So.2d 1163 (1994)
Michael L. McALPINE
v.
Jonnie Fox McALPINE.
No. 93-CA-2467.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
Mitchell J. Hoffman, Suzette Marie Smith, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for defendant-appellee.
Phillip A. Wittmann, Rachel W. Wisdom, Kelly McNeil Legier, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiff-appellant.
Before SCHOTT, C.J., and BYRNES and CIACCIO, JJ.
SCHOTT, Chief Judge.
The issue in this case is whether the waiver in an antenuptial agreement of post-divorce alimony is null and void as against public policy.
The parties were married on August 29, 1989. On August 18, 1989, they entered into a matrimonial agreement containing the following:
Appearers further contractually renounce and waiver their rights and/or entitlement to alimony pendente lite and permanent alimony provided for by Civil Code Articles 148 and 160.
In consideration of the mutual waiver of pendente lite and permanent alimony, Michael Leever McAlpine agrees that, should the spouses be separated or divorced after one year of marriage but before the 6th anniversary of the marriage, Michael Leever McAlpine will pay to Jonnie Lee Fox a lump sum payment of $25,000.00 at entry of final divorce judgment. After the 6th anniversary of the marriage should the spouses by separated or divorced, Michael Leever McAlpine shall pay to Jonnie Lee Fox a lump sum payment of $50,000.00 at entry of final divorce judgment. Should Jonnie Lee Fox dispute the waiver of alimony pendent lite and/or permanent alimony in any proceeding hereafter, the *1164 promise to pay a lump sum settlement at divorce shall be null and void, and any sums paid thereunder shall be recoverable.
They were divorced on May 18, 1992. On October 5, 1992, Mrs. McAlpine filed a rule for post divorce alimony and Mr. McAlpine defended on the basis of the above waiver. The trial court dismissed her rule and she has appealed.
Whether such a waiver of post divorce alimony in an antenuptial agreement is in violation of public policy had not been heretofore decided. In Holliday v. Holliday, 358 So.2d 618 (La.1978) the court held that the waiver of alimony pendente lite in an antenuptial agreement is null and void as against public policy. However, in a footnote the court said: "We express no opinion at this time regarding the validity of the clause in respect to its attempt to waive permanent alimony. This issue is not before us."
In order to determine public policy regarding permanent alimony we can only look to LSA-C.C. art. 112 (formerly Art. 160). This provides that the court may allow a spouse permanent alimony if he or she has not been at fault and has not sufficient means for support. The obvious purpose of this statute is to enable the court in the appropriate case to provide some support to the needy, innocent spouse at the expense of the other spouse with the financial means to pay rather than at the expense of the public in some form of a dole. Because the parties cannot know prior to the marriage whether the operative conditions of no fault and need for entitlement to permanent alimony shall prevail upon a divorce a waiver of alimony before the marriage would clearly frustrate the intent and purpose of Art. 112.
This is the distinction from cases cited by Mr. McAlpine which have upheld agreements entered into in connection with divorce proceedings and containing waivers of permanent alimony. In these cases the parties know or should know whether the conditions of no fault and need exist at the time the agreement is made, whereas, in the case of such a waiver in the pre-nuptial agreement, they cannot know whether or not these conditions will exist at some indefinite time in the future.
Having concluded that the waiver of permanent alimony in the antenuptial agreement is unenforceable as against public policy, the other issues raised by the parties are probably inconsequential. However, for the benefit of a reviewing court in the event of its disagreement with our conclusion on the principal issue, we will briefly consider these other issues.
Mrs. McAlpine's alternative argument that she was pressured into signing the pre-nuptial agreement and thereby unable to consent freely to the contract was rejected by the trial court on the basis of the testimony and other evidence. This was essentially a factual conclusion which is not clearly wrong.
Similarly, the trial court's rejection of her claim on the Mercedes automobile based on her theory that he donated the car to her was a fact based decision which is not clearly wrong.
Accordingly, the judgment regarding the Mercedes automobile is affirmed. The judgment dismissing Mrs. McAlpine's claim for permanent alimony is reversed and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against Mr. McAlpine with other costs to await the outcome of the proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.